845 F.2d 325
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John A. CLEM, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 87-1473.
 United States Court of Appeals, Sixth Circuit.
 April 19, 1988.
 
 Before RYAN, Circuit Judge, and JOHN W. PECK and BAILEY BROWN, Senior Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff-appellant, John A. Clem, appeals the judgment of the district court denying his claim for disability insurance benefits. The issue is whether the Secretary's decision is supported by substantial evidence. We hold it is, and affirm.
 
 
 2
 Appellant was born September 7, 1929, and has a high school education. He worked in the insurance industry, as an agent, staff manager, and district manager, from June 1955 to October 13, 1983, the date of onset of alleged disability.
 
 
 3
 On March 11, 1985, appellant filed an application for disability insurance benefits alleging disability due to a combination of impairments. Following the denial of the application, a hearing was held before an Administrative Law Judge (ALJ) on January 16, 1986. The ALJ found that the appellant suffered from a combination of impairments that prevented him from returning to his past work as a district manager, but that he retained the residual functional capacity to perform sedentary work.
 
 
 4
 Several doctors' reports were offered into evidence before the ALJ. Appellant's treating physician found appellant was disabled due to angina attacks, but he performed no clincal tests to substantiate that opinion. Another physician, to whom appellant was referred by his attorney, found appellant to be suffering from a slightly enlarged heart. This diagnosis was based on an x-ray which was not accompanied by a radiology report. Appellant performed two treadmill stress tests between May 1982, and the time of the hearing before the ALJ. Both test results were normal. A third stress test performed following the ALJ's decision, but submitted to the Appeals Council, also revealed normal results. The results of EKG tests performed within that time were also normal.
 
 
 5
 A third doctor evaluated appellant for a private insurance carrier and found evidence of severe degenerative disc disease of the cervical spine. He also reported that surgery performed in 1982 had relieved the cervical condition such that appellant could perform his work. Evidence was also presented that appellant suffered from arthritis.
 
 
 6
 Following denial of review by the Appeals Council, appellant sought review in the federal district court. The court, adopting the report of a magistrate, affirmed the decision of the ALJ denying benefits.
 
 
 7
 Appellant alleges two errors by the ALJ. The first is that the ALJ interjected his own medical opinion rather than relying on the opinions of the doctors who evaluated appellant. Although an ALJ may not substitute his own opinion for that of experts, Wilson v. Califano, 617 F.2d 1050, 1054 (4th Cir.1980), such was not the case here. Based on the results of treadmill stress tests and EKG tests the ALJ disbelieved appellant's claim that he suffered from severe angina. The doctors who found otherwise had not performed these tests. The ALJ carefully considered all the medical evidence and found that those doctors' opinions which where supported by objective findings were more credible. The ALJ's determination in this regard is supported by substantial evidence.
 
 
 8
 Second, appellant alleges the ALJ failed to consider the combination of appellant's impairments as a whole and therefore, incorrectly determined that appellant was not disabled. However, the ALJ found that appellant suffered from a severe impairment due to the combination of conditions from which appellant suffered. Specifically, he found "that the claimant is status post cervical facetectomy and has severe degenerative changes of the cervical spine, has degenerative osteoarthritist of the digits of his hands, has hypertension, and mild osteoarthritis of the left knee, and has slight osteoarthritic changes of the lumbar spine." The only documented condition not listed in the ALJ's findings was that of severe angina. The decision to omit that condition from the ALJ's findings was supported by substantial evidence. Thus, the ALJ did consider the appellant's combination of impairments as a whole, but found them to be no bar to the appellant's ability to do sedentary work.
 
 
 9
 Because the decision of the ALJ is supported by substantial evidence, the decision of the district court is AFFIRMED.